## Western Union Telegraph Company v. John D. Lycan.

1. VERDICTS—*When They Are to be Sustained.*—Where the evidence is conflicting, etc., the verdict will be sustained.

2. TELEGRAPHS—*Conditions Printed on Messages.*—While slight evidence may suffice to bind a person sending a message to the conditions printed upon it, yet there must be something more than the mere fact that such condition is found in the printed matter appearing on the blank upon which the message is written.

3. DAMAGES—*$72 Not Excessive.*—Where the plaintiff had a suit pending in court, and his attorneys wired him that it was set for Tuesday, but as delivered, the message read Thursday, and going to court on Thursday he found that his suit has been dismissed, it was held that $72 was not excessive.

Trespass on the Case, for a failure to transmit correctly a telegraph message. Appeal from the Circuit Court of Edgar County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the November term, 1894. Affirmed. Opinion filed June 3, 1895.

WILLIAM L. GROSS, attorney for appellant.

J. W. HOWELL and DUNDAS & O'HAIR, attorneys for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment for $72 for damages resulting from incorrectly transmitting a telegraphic message.

The plaintiff had a suit pending in the Circuit Court of Edgar County, and the message in question was sent him by his attorney advising him that his case was set for trial on the following *Tuesday*. As delivered, the message read *Thursday*, and the plaintiff going to court on Thursday found his case had been dismissed because he failed to appear on Tuesday.

It is argued, first, that the proof fails to show that the telegraph company was paid for its services or that it waived payment therefor. The message was sent "collect," and the plaintiff swears that when it was delivered to him he paid the charges, twenty-five cents. The operator contradicts this, but it was a mere question of fact which the court, a jury being waived, found for the plaintiff, and there is in the record nothing to justify us in saying that such finding is so much against the weight of the evidence as to require a reversal on that ground.

The evidence was conflicting, and the court, sitting as a jury, was charged with the duty and responsibility which always devolves upon triers of the facts where witnesses disagree.

We can not interfere.

Secondly, it is argued that by the terms of the contract the claim must have been presented within sixty days, and failing therein, the plaintiff can not recover.

It does not appear that the sender or the receiver of the message knew of this condition which was printed upon the blanks then in use. They testify they did not know that there was such a condition, and judging of the matter by common experience they probably did not.

Unless they were bound to know it because it was so printed then there is no defense in this respect.

It must appear that the condition was assented to and while slight evidence of assent might suffice yet there must be something more than the mere fact that the condition was to be found in the printed matter appearing on the face or the back of the blank. As telegraphic business is ordinarily transacted there is no time to read such conditions,

and if the telegraph company wishes its patrons to be bound thereby it should take some efficient means of bringing the matter to their notice.

The third objection is that the damages were assessed too high. We are not so impressed by the proof.

It is apparent that by a blunder of the defendant the plaintiff was damaged in the manner and to the extent substantially as he claims. We think the judgment is right on the merits and that it violates no technical rule of law.

It will therefore be affirmed.